

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 20, 2022**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No.: 19-33337-sgj13** |
| **JENNIFER ANN SHAUB,** | § | |
| | § | **Chapter 13** |
| Debtor. | § | |

### ORDER REOPENING CASE AND: (A) EXPUNGING AND SEALING THE ABOVE-REFERENCED FRAUDULENTLY FILED BANKRUPTCY CASE; (B) BARRING MICHAEL SHAUB FROM FILING ANOTHER BANKRUPTCY CASE FOR A PERIOD OF AT LEAST TEN YEARS; (C) SANCTIONING MICHAEL SHAUB $10,000; AND (D) BARRING ATTORNEY NICHOLAS WAJDA FROM FILING NEW BANKRUPTCY CASES IN THE NORTHERN DISTRICT OF TEXAS FOR A PERIOD OF EIGHTEEN MONTHS

Attorney Nicholas M. Wajda, as debtor's counsel, filed an *Individual Chapter 13 Voluntary*

*Petition* (the "Petition") on behalf of Jennifer Ann Shaub (the "Purported Debtor") on October 1,

2019, thereby initiating the above-referenced bankruptcy case (the "Bankruptcy Case").[1] Little happened during the regular life of the Bankruptcy Case. Mr. Wajda, on behalf of the Purported Debtor, filed a *Motion to Extend Time to File Case Opening Documents*,[2] but two months after the case's filing, the court entered an *Order Dismissing Case* for the Purported Debtor's failure to file the required bankruptcy paperwork by the extended deadline.[3] The Bankruptcy Case formally closed on December 23, 2019.[4]

One and one-half years later, the Purported Debtor filed a *Motion to Reopen and Declare Chapter 13 Void* and an *Affidavit in Support* (collectively, the "Motion to Reopen").[5] She alleged that she had ***no knowledge*** of the Bankruptcy Case being filed and that she did not personally review, sign, or give consent to anyone to file the Petition on her behalf.[6] The court held three hearings on the Motion to Reopen between June of 2021 and February of 2022, and the testimony therefrom supports granting the relief requested.

### The First Hearing

On June 23, 2021, the court held the first hearing on the Motion to Reopen. Thomas Powers appeared in his capacity as the Chapter 13 Trustee (the "Trustee") and attorney John Helstowski appeared on behalf of the Purported Debtor. To the court's surprise, Mr. Wajda—the attorney who filed the allegedly unauthorized Petition—did not appear, although the Order setting the hearing did not technically require him to do so.[7] Given the seriousness of the Purported Debtor's

---

[1] *See The Purported Debtor's Individual Chapter 13 Voluntary Petition*, Docket Entry no. 1 (the "Petition"). Hereon, docket entries in the Bankruptcy Case will be cited as "DE # __" because all entries relate to the same case and are accessible through the CM/ECF system maintained by the Bankruptcy Clerk.
[2] DE # 9, filed on October 15, 2019.
[3] DE # 13, filed on October 13, 2019.
[4] *Order Approving Chapter 13 Trustee Report and Discharging Trustee*, DE # 19.
[5] DE # 20, filed on April 23, 2021.
[6] *Id*. at pp. 5.
[7] The *Order Resetting the Hearing* instructed "parties" to appear live and in-person. DE # 26, filed on May 28, 2021.

**ORDER**                                                                                          **PAGE 2 OF 11**

allegations, one would have expected her purported attorney to appear to address the court and parties.

The Purported Debtor provided the only testimony at the first hearing. She credibly (and tearfully) testified that her husband at the time, Michael Shaub, filed the Bankruptcy Case without her knowledge to save their house from foreclosure.[8] She discovered the Bankruptcy Case filing through her financial advisor on December 7, 2019, and moved out of the house shortly thereafter.[9] She then began a divorce proceeding that was finalized in July of 2020.[10]

In response to a question raised by the court, the Purported Debtor revealed that Michael Shaub had personally filed for bankruptcy before he had filed the Bankruptcy Case in her name.[11] The court's subsequent ECF search during the hearing showed that Michael Shaub had actually filed **_seven_** bankruptcy cases since 2013. He filed his seventh bankruptcy case *pro se*, and on February 28, 2020, the bankruptcy court had dismissed it with prejudice and barred him from filing again for five years.[12] Thus, Michael Shaub was barred from personally filing bankruptcy at the time the Purported Debtor's case was filed. The Purported Debtor credibly testified that she had no knowledge of Michael Shaub's prior bankruptcies at the time that the Bankruptcy Case was filed in her name.[13]

Based on the Purported Debtor's testimony, the court found sufficient evidence to continue the hearing and order Michael Shaub and Nicholas Wajda to appear and explain their actions and involvement in the Bankruptcy Case.[14] The court set the continued hearing for July 28, 2021.[15]

---

[8] *Recording of the Hearing Held on June 23, 2021* (DE # 29) at 2:45 p.m.
[9] *Id.* at 2:45 p.m.
[10] *Id.* at 2:51 p.m.
[11] *Recording of the Hearing Held on June 23, 2021* (DE # 29) at 3:01 p.m.
[12] Case no. 20-30083-bjh13, DE # 28.
[13] *Recording of the Hearing Held on June 23, 2021* (DE # 29) at 3:01 p.m.
[14] *Order Continuing Hearing and Directing Michael Shaub and Nicholas Wajda to Appear*, DE # 20, entered on June 29, 2021.
[15] *Id.*

**ORDER**                                                                                       **PAGE 3 OF 11**

On July 26, 2021, two days before the scheduled second day of hearing, Michael Shaub filed a letter with the court requesting a continuance because he allegedly had not received timely notice of the hearing.[16] He requested additional time to hire counsel, arrange taking off from work, and circulated his updated contact information to the parties. That day, the court entered an order continuing the hearing to September 8, 2021.[17]

Then, on September 7, 2021, one day before the continued hearing, Michael Shaub filed a *Motion to Continue Hearing* because he had recently contracted COVID-19.[18] At the court's request, he provided a screenshot of his positive COVID-19 test result. On September 9, 2021, the court entered an order continuing the hearing to October 26, 2021.[19]

**The Second Hearing**

Finally, on October 26, 2021, the court held the second hearing on the Motion to Reopen. Appearing at the hearing were: the Trustee; the Purported Debtor with her counsel John Helstowski; and Nicholas Wajda with general counsel for his law firm "Recovery Law Group APC," Pete Mulcahy. ***Once again, Michael Shaub did not appear***. No one received any communications about Michael Shaub's absence. The Purported Debtor testified that she exchanged text messages with him earlier that day about their daughter staying home sick from school.[20] But the topic of the bankruptcy court hearing that day did not come up during the brief conversation.[21]

Nicholas Wajda and the Purported Debtor testified. Mr. Wajda is one of ten full-time attorneys at Recovery Law Group, APC *a/k/a* Wajda and Associates, P.C., which is an internet-

---

[16] *Michael Shaub's Letter to the Court*, DE # 31.
[17] *Order Continuing Hearing*, DE # 32.
[18] DE # 35.
[19] *Order Continuing Hearing*, DE # 36.
[20] *Recording of the Hearing Held on October 26, 2021* (DE # 38) at 10:51 a.m.
[21] *Id.*

**ORDER**                                                                 **PAGE 4 OF 11**

based law firm representing clients in multiple states.[22] The court uses the term "internet-based" law firm to refer to a law firm (at least in the bankruptcy legal realm) that solicits clients through its Internet presence or Internet-advertising (without regard to where a client is located geographically).[23]  Mr. Wajda is licensed to practice law in California, Nevada, Texas, and Colorado, but he practices primarily in Los Angeles where he lives.[24]  This court has already disciplined Mr. Wajda on one prior occasion for significant problems in a case called *In re Pearson*, requiring him to disgorge fees and prohibiting him from his regular use of "appearance counsel" in this district without strict adherence to certain procedures.  *See In re Pearson*, 2020 WL 1845048 (Bankr. N.D. Tex. Apr. 9, 2020) and follow-up Order entered January 15, 2021, in Case No. 20-30077.

Mr. Wajda testified that Michael Shaub had communicated with him by phone about filing the Bankruptcy Case. They never had any in-person or video meetings. At their initial consultation by phone, Mr. Wajda was aware that Michael Shaub's house was scheduled for foreclosure in just three hours and that an order in Michael Shaub's prior bankruptcy case prevented him from filing for bankruptcy again at that time.[25]  Mr. Wajda testified that Michael Shaub pointed out how the Purported Debtor had not been a joint debtor in Michael Shaub's prior bankruptcies and asked whether she could now file a bankruptcy case to save the house.[26]  Mr. Wajda testified that he said that she could, but that he would have to speak with her first.[27]  ***Mr. Wajda further testified that a woman purporting to be Jennifer Shaub briefly jumped on the phone call with Michael Shaub***

---

[22] *Id*. at 9:43 a.m.
[23] *See generally* STEPHEN W. SATHER, ETHICS AND THE INTERNET LAW FIRM, 35 AM. BANKR. INST. J. 38 (December 2016) for a useful discussion of this phenomenon.
[24] *Id*. at 9:44 a.m.
[25] *Id*. at 9:59 a.m.
[26] *Id*. at 10:00 a.m.
[27] *Id*. at 10:00 and 10:02 a.m.

*to authorize the bankruptcy filing*.[28]  Although Mr. Wajda's retainer agreement was with Jennifer

Shaub, it was "signed" (or agreed to, essentially) via an email from Michael Shaub that said

"You're Hired."[29]  Disturbingly, Mr. Wajda received emails about the Bankruptcy Case from

Michael Shaub only.[30]  Equally disturbing, Mr. Wajda received no wet signature from the

Purported Debtor by mail and no written agreement signed by her.[31]  Mr. Wajda testified that he

received between $1,000 and $1,500 for filing the Bankruptcy Case.[32]

Fast forward to April 2020. Mr. Wajda testified that the Purported Debtor and Michael

Shaub contacted him by email in April of 2020 to "remove" the Bankruptcy Case from the

Purported Debtor's credit records.[33]  At that time—allegedly for the first time—Michael Shaub

informed Mr. Wajda that the Purported Debtor did not know of or authorize the filing of the

Bankruptcy Case back in 2019.[34]  Mr. Wajda testified that, despite what they were now telling

him, he did not know that the Purported Debtor did not sign the paperwork and that she had not

been on the initial consultation phone call (he said he had assumed the woman who briefly jumped

on the call that morning of the imminent foreclosure was her).[35]

The Purported Debtor's testified briefly, relying primarily on her testimony from the first

hearing on June 23, 2021.  She added that it was not her on the phone (*i.e.,* she was not the woman

purporting to be Jennifer Shaub that allegedly jumped on the phone and authorized the bankruptcy

filing).[36]  While this was all very bizarre, the court believed Jennifer Shaub.  She confirmed that

she was a part of an email chain with Mr. Wajda and Michael Shaub in 2020 about removing the

---

[28] *Recording of the Hearing Held on October 26, 2021* (DE # 38) at 10:04 a.m.
[29] *Id.* at 10:04 and 10:19 a.m.
[30] *Id.* at 10:04 and 10:19 a.m.
[31] *Id.* at 9:59, 10:05, and 10:18 a.m.
[32] *Id.* at 10:15 a.m.
[33] *Id.* at 10:20 a.m.
[34] *Id.* at 10:21 a.m.
[35] *Id.* at 10:22 a.m.
[36] *Id.* at 10:38 a.m.

**ORDER**                                                                                          **PAGE 6 OF 11**

Bankruptcy Case from her credit records on account of her not knowing about the case's filing.[37] The Purported Debtor testified that she had delayed filing the Motion to Reopen one and one-half years after discovering the Bankruptcy Case because she was busy dealing with issues related to credit cards and removing her name from the house that she owned with Michael Shaub.[38] Finally, she estimated that rectifying the wrongful Bankruptcy Case has cost her over $5,000.[39] This estimate seemed reasonable and credible.

At the hearing's conclusion, the court stated that, if it were to rule that day, it would grant the relief that the Purported Debtor sought, declare the Bankruptcy Case void, issue a criminal referral for Michael Shaub, and bar Nicholas Wajda from filing cases in the Northern District of Texas.[40] But the court was not ready to rule. This was all very vexing.

At the court's invitation, Mr. Wajda filed a supplemental, post-hearing declaration in response to the Debtor's Motion to Reopen (the "Wajda Declaration").[41] The Wajda Declaration focused on the woman on the phone who purported to be Jennifer Shaub. Mr. Wajda stated that a woman spoke to him, and a woman apparently also called a credit counseling agency before he filed the case on the Purported Debtor's behalf. He stated that a woman had provided the credit counseling agency with Jennifer Shaub's identifying information. Based on the Wajda Declaration and the testimony from the hearings on June 23, 2021, and October 26, 2021, the court determined that it needed yet another hearing before it potentially sanctioned Nicholas Wajda or otherwise ruled on the Purported Debtor's Motion to Reopen. On February 2, 2022, the court entered an

---

[37] *Id*. at 10:36 and 10:39 a.m.
[38] *Recording of the Hearing Held on October 26, 2021 (DE # 38)* at 10:41 a.m.
[39] *Id*. at 10:44 a.m.
[40] *Id*. at 11:07 a.m.
[41] DE # 40, filed on November 29, 2021.

**ORDER** **PAGE 7 OF 11**

*Order Setting Hearing on the Motion to Reopen and Directing Michael Shaub to Appear in Person.*[42]

### The Third Hearing

On February 23, 2022, the court held the third and final hearing on the Motion to Reopen. The Trustee, John Helstowski, Nicholas Wajda and Pete Mulcahy each again appeared. And this time, Michael Shaub finally attended and represented himself *pro se*. Michael Shaub and Nicholas Wajda testified. At several instances, the court and the Trustee apprised Michael Shaub of the potential legal consequences—civil and criminal—of testifying regarding the subject matter of the Motion to Reopen. Michael Shaub understood and proceeded to testify, all the while expressing purported remorse for what he had done.[43]

Michael Shaub ___admitted misleading Mr. Wajda and the Purported Debtor by initiating the Bankruptcy Case without the Purported Debtor's knowledge or authorization___.[44] He testified that he had completed the required credit counseling course for the Purported Debtor by telephone, identifying himself as Jennifer Shaub during the course, but he did not attempt to conceal his voice.[45] Michael Shaub admitted to sending Mr. Wajda a photo of the Purported Debtor's driver's license, signing the case-related paperwork, and basing the Purported Debtor's income on her pay stubs that he found in a filing cabinet in at their house.[46] *He testified that Mr. Wajda never asked to speak to the Purported Debtor*.[47]

Michael Shaub said that the Purported Debtor never knew of their financial trouble or his own bankruptcies because he handled the family finances and opened the mail.[48] Subsequent to

---

[42] DE # 41.
[43] *Recording of the Hearing Held on February 23, 2022* (DE # 47) at 9:51 and 11:51 a.m.
[44] *Id*. at 9:51 and 11:51 a.m.
[45] *Id*. at 10:10 and 10:42 a.m.
[46] *Id*. at 10:06, 10:25, and 10:09 a.m.
[47] *Id*. at 10:13 a.m.
[48] *Id*. at 10:35 a.m.

orchestrating the filing of the Bankruptcy Case on the Purported Debtor's behalf, Michael Shaub filed yet another bankruptcy case in his own name in violation of a prior bar order. He apparently spoke to Mr. Wajda about it, but ultimately filed that case *pro se*.[49]

Mr. Wajda testified again at this third hearing. He mainly relied on his own testimony from the hearing held on October 26, 2021, and the admissible, non-hearsay portions of the Wajda Declaration. But his testimony was inconsistent. Although he originally said that he spoke to a woman purporting to be Jennifer Shaub during the initial consultation phone call, his testimony weakened when pressed. ***He admitted that he did not expressly recall speaking to a woman***, but he ***believed*** that he did based on his protocols and file notes, neither of which were provided to the court or the parties.[50] Additionally, he testified that he did not discover that the Bankruptcy Case was filed without the Purported Debtor's knowledge or authorization until he read the Motion to Reopen.[51] The Wajda Declaration, the emails attached to it, and Mr. Wajda's own testimony at the prior hearing indicate that he learned of her lack of knowledge in 2020 when he exchanged emails with Michael Shaub and the Purported Debtor regarding removing the Bankruptcy Case from the Purported Debtor's credit record.[52]

The court took the matter under advisement after announcing its anticipated ruling. The court announced that it anticipated that it would: (a) bar Michael Shaub from filing any future bankruptcy cases without an order explicitly allowing him to do so; (b) likely expunge the Purported Debtor's Bankruptcy Case; and (c) would consider making a criminal referral with regard to Michael Shaub's conduct. *See, e.g.,* 18 U.S.C. §§ 152(2) & (3) & 157(c)). Finally, it would deliberate on sanctions for Mr. Wajda and his firm for their role in this apparent fraud.

---

[49] *Id*. at 11:02 a.m.
[50] *Recording of the Hearing Held on February 23, 2022* (DE # 47) at 11:09 a.m.
[51] *Id*. at 11:15 a.m.
[52] *See* the Wajda Declaration *and Recording of the Hearing Held on October 26, 2021* (DE # 38) at 10:21 a.m.

**ORDER**                                                                                           **PAGE 9 OF 11**

Having so deliberated, the court hereby determines that the Bankruptcy Case was fraudulently filed by Michael Shaub in Jennifer Shaub's name without her knowledge or authorization.  Further, the court determines that Nicholas Wajda's sloppy protocols, lack of reasonable care, and subsequent failure to disclose the fraud to the court upon discovering it substantially contributed to the perpetration of the fraud.  Nicholas Wajda's actions in this case violated 11 U.S.C. §§ 526(a)(2), 527(b), and 528(a); Fed. R. Bankr. Pro. 1008 and 9011; and Tex. Disciplinary R. Prof. Conduct 1.01(b), 1.02(c), 1.03(b), and 3.03.

It is therefore **ORDERED** that this Bankruptcy Case is deemed an unauthorized and fraudulent filing.  Jennifer Ann Shaub did not authorize the filing of the Petition in her name or on her behalf and did not sign the Petition or the bankruptcy pleadings.

It is further **ORDERED** that the Bankruptcy Case is hereby reopened for the limited purpose of declaring the Bankruptcy Case void *ab initio* pursuant to this Order as described below.

It is further **ORDERED** that the court records in this Bankruptcy Case shall be sealed (and henceforth available only upon a motion and notice) since this Bankruptcy Case is substantially similar to an involuntary bankruptcy filing (*see* 11. U.S.C. § 303(k)(1)).

It is further **ORDERED** that all consumer reporting agencies (as defined in section 603(f) of the Fair Credit Reporting Act 915 U.S.C. § 1681a(f)) are prohibited from making any consumer report (as defined in section 603(d) of that Act) that contains any information relating to the Bankruptcy Case (*see* 11 U.S.C. § 303(k)(2)). The Credit Reporting Agencies are specifically prohibited from reporting the Bankruptcy Case on Jennifer Ann Shaub's credit bureau reports.

It is further **ORDERED** that upon expiration of the statute of limitations described in section 3283 of title 18 for a violation of section 152 or 157 of such title, the court, on motion of the Purported Debtor and for good cause, may expunge any records relating to this Bankruptcy

Case (*see* 11 U.S.C § 303(k)(3)); provided, however, that in the event that any complaint is filed prior to the expiration of the statute of limitations described in section 3283, then the records shall not be expunged until the complaint is resolved.

It is further **ORDERED** that the Clerk shall take the actions specified in this Order, within five days hereof.

It is further **ORDERED** that *Michael Shaub is hereby barred from filing a bankruptcy petition for a period of ten years from the date of entry of this Order*.

It is further **ORDERED** that Michael Shaub is sanctioned and ordered to pay $5,000.00 to Thomas Powers as Chapter 13 Trustee and another $5,000 payable to Jennifer Ann Shaub for fees and expenses related to these proceedings.  Michael Shaub is barred in all events from filing a bankruptcy petition until the $10,000 is paid in full, notwithstanding the passage of the ten-year bar period.

It is further **ORDERED** that Nicholas Wajda is hereby barred from filing any new bankruptcy cases in the Northern District of Texas for a period of *eighteen months* from the date of entry of this Order.  The court will attach this Order to a letter to the State Bar of Texas suggesting further inquiry and additional sanctions may be appropriate.

It is further **ORDERED** that the court retains jurisdiction to hear, adjudicate and order further relief on this matter.

**### End of Order ###**